Dear Chief Deputy Pritchett:
You ask this office to explain the legal authority of the St. Helena Parish Police Jury to suspend or revoke an establishment's parish alcoholic beverage permit(s). The events which have prompted your inquiry to this office are related below, as presented in your letter.
On June 5, 2010, the St. Helena Parish Sheriffs Office, accompanied by representatives of other law enforcement agencies, raided the St. Helena Parish establishment known as "Club 38." Physical evidence seized on the premises at the time of the raid included weapons and drugs, while fourteen persons were arrested for alleged criminal activity. The owner and manager of Club 38 was among those arrested; he was charged with keeping and letting a disorderly place, violations of La.R.S. 14:104[1] and La.R.S. 14:105[2], respectively.
Following the described results of the raid, the St. Helena Parish Sheriff's Office filed a complaint against Club 38 with the St. Helena Parish Police Jury, seeking suspension or revocation of the parish alcoholic beverage permit(s) held by Club 38. *Page 2 
On June 22, 2010, at a regular meeting of the police jury, Sheriff Nathaniel Williams stated that Club 38 had become an attraction for illegal drugs, weapons, and other criminal activity.[3] In your letter to this office, you state that at this meeting the police jury was advised by legal counsel that the police jury lacked authority to suspend or revoke the parish alcoholic beverage permit(s) held by Club 38 on the basis of the Sheriffs complaint, and that the only recourse available to the police jury to revoke these privileges was to file a civil suit in district court against Club 38.
You further state that at this meeting of the police jury you appeared in your capacity as the Sheriff's Chief Deputy, and asked if the police jury could refuse the yearly renewal of an applicant's alcoholic beverage permit(s) on the basis that a business failed to "operate within the law." In response, you state that the police jury was advised by legal counsel that an establishment's permits are perpetual, and that the police jury has no authority to deny an application for renewal of an establishment's parish alcoholic beverage permits, unless the permit holder fails to pay the fees for yearly renewal. Based upon this advice, the police jury took no action relative to the parish alcoholic beverage permit(s) held by Club 38.[4]
We now turn to an examination of your questions arising from the above described events as related in your letter to this office.
I. Can the police jury suspend or revoke a liquor license for"misconduct" or because the location becomes "a threat to thecommunity"?
We first point out that a retail establishment which sells alcoholic beverages must hold the proper state and local alcoholic beverage permits, here issued on behalf of the state by the Commissioner of the Louisiana Office of Alcohol and Tobacco *Page 3 
Control, [5] and on behalf of the parish by the Sheriff after an application for permit(s) has been approved by the St. Helena Parish Police Jury.[6]
Any person or business that sells alcoholic beverages without holding the required state and local alcoholic beverage permits violates La.R.S. 26:75 and/or La.R.S. 26:275.[7] The penalty for violating either statute is a fine not to exceed five hundred dollars or imprisonment not to exceed six months.[8] Both La.R.S. 26:75 and La.R.S. 26:275 provide "each day's conduct of business by [a] dealer without such a valid, unsuspended permit constitutes a separate violation of this Chapter."
State law authorizes the Commissioner to suspend or revoke state alcoholic beverage permits for certain statutorily enumerated causes.[9] A parish governing authority is also authorized to suspend or revoke parish alcoholic beverage permits for the same statutorily enumerated causes. La.R.S. 33:4785(A) provides that ". . .any police jury or other governing authority of a parish may suspend or revoke within the limits of the parish, [alcoholic beverage] permits issued to retail dealers" for causes set forth in La.R.S. 26:90, La.R.S. 26:91, La.R.S. 26:286, and La.R.S. 26:287. The prohibited acts contained in La.R.S. 26:90 and La.R.S. 26:286 include selling alcoholic beverages to minors, [10]
permitting the consumption on the premises of narcotics or habit forming drugs, [11] or controlled dangerous substances, [12] and permitting disturbances of the peace.[13] *Page 4 
Pursuant to La.R.S. 33:4786, [14] a hearing must be held by the police jury for the purpose of determining whether an alcoholic beverage permit should be suspended or revoked. Further, the holder of the permit must receive advance notice of the hearing pursuant to La.R.S. 33:4787.[15] If the outcome of the hearing results in a determination by the police jury that a permit should be suspended or revoked, the holder of the permit may appeal the decision of the police jury to the district court having jurisdiction of his place of business. The appeal must be taken within ten days of the notification of the decision, and on such appeal the trial shall bede novo.[16]
As authorized under La.R.S. 33:4785, et seq., discussed above, it is the opinion of this office that the St. Helena Parish Police Jury may suspend or revoke parish alcoholic beverage permits at a hearing called for that purpose, for those statutorily enumerated causes, assuming the holder of the permit is served with prior notice of the hearing in compliance with La.R.S. 33:4787.[17]
It is the further opinion of this office that the cited statutes clearly provide that suspension or revocation of an establishment's parish alcoholic beverage permit(s) is an authorized action on the part of the St. Helena Parish Police Jury. Here, it is assumed that in advance of such action, the permit holder is given proper notice of the hearing, and that such an action is approved by majority vote of the St. Helena Parish Police Jury.
However, whether or not legal cause exists for the suspension or revocation of the alcoholic beverage permit(s) held by Club 38 involves questions of fact which cannot be determined by this office. Rather, such questions must be decided by the proper tribunal, which in this instance is the St. Helena Parish Police Jury. Here, the members of the police jury must make the factual findings necessary to suspend or revoke the permit(s) held by Club 38, in compliance with La.R.S. 33:4786. *Page 5 
As discussed, the police jury's decision may be appealed by Club 38 to the district court.
II. Every holder of an alcoholic beverage permit issued by theparish is required to seek annual renewal of his license. Must thepolice jury individually review all renewal requests even if thereare no problems with the location and renewal is routine?
Under both §§ 14-42(1) and 14-79(1) of the Code of Ordinances, the St. Helena Parish Police Jury is required to "independently of the state board of alcoholic beverage control, investigate allapplications filed with it for local permits", and is further required to "withhold the issuance of a permit where that action is justified" by parish ordinance or state law.[18] The directive contained in §§ 14-42(1) and 14-79(1) requiring the police jury to investigate "all applications. . .for local permits" does not make a distinction between an original application and a renewal application, and it is our opinion that the procedures set forth in §§ 14-42(1) and 14-79(1) also govern renewal applications.
It is our further opinion that the police jury's review and approval of an application for a renewal permit is not merely automatic; rather, under §§ 14-42(1) and 14-79(1), the police jury must scrutinize a renewal application as it would an original application, to ensure the applicant continues to possess the qualifications required by state law and local ordinance for an individual or business to hold the desired alcoholic beverage permit.[19]
Further, we note that both §§ 14-36(C) and 14-73(C) provide "any dealer whose application and fees for renewal is filed before March 1 may continue business under his old permit unless it has been suspended or revoked or the new permit *Page 6 is withheld or denied." The payment of a renewal fee does not automatically secure the issuance of a new permit; rather, it is our opinion that §§ 14-36(C) and 14-73(C) contemplate the possibility that a renewal application could be "withheld or denied" for reasons other than nonpayment of a renewal fee.
III. Are the owners and managers of Club 38 exempt from theresidency requirements imposed by state law and local ordinancebecause Club 38 is incorporated?
State law requires an applicant for state and local alcoholic beverage permits to be a citizen of the United States and to further be a resident of the state of Louisiana. La.R.S. 26:80(A)(2)[20]
and La.R.S. 26:280(A)(2)[21] both provide the following:
A. Applicants for state and local permits of all kinds shall meet all of the following qualifications and conditions:
 * * * * *
(2) Be a citizen of the United States and the state of Louisiana and a resident of the state of Louisiana continuously for a period of not less than two years next preceding the date of the filing of the application..
[Emphasis added.]
However, the provisions of La.R.S. 26:80(C)(2) and La.R.S. 26:280(C)(1) exempt the officers, directors, and stockholders of corporations and members of limited liability companies from the residency requirements otherwise imposed upon a corporate applicant seeking state and local alcoholic beverage permits. Here, we point out that Sections 14-37(C) and 14-74(C) of the St. Helena Parish Code of Ordinances currently impose residency requirements upon the stockholders of a corporate applicant in contravention to the discussed exemptions set forth in La.R.S. 26:80(C)(2) and La.R.S. 26:280(C)(1).[22] It is the opinion of this office that these portions of Sections 14-37(C) and 14-74(C) are invalid as contrary to state law. In accord with our conclusion is La. Atty. Gen. Op. 08-0081, copy attached. *Page 7 
While a stockholder of a corporate applicant is exempt from the residency requirement, we point out that state law requires amanager of a corporate applicant's business to possess the same citizenship and residency requirements imposed upon a corporate applicant seeking state and parish alcoholic beverage permits. The failure of the corporate applicant's manager to possess the same qualifications imposed upon the corporate applicant subjects the application for permits to denial by state and local authorities.[23] St. Helena Parish has adopted similar provisions concerning managers in the Code of Ordinances.[24]
We summarize the opinion of this office as follows: (1) the St. Helena Parish Police Jury may, by majority vote of the police jury, suspend or revoke an establishment's parish alcoholic beverage permits at a hearing called for that purpose, for statutorily enumerated causes, assuming the holder of the permit is served with prior notice of the hearing in compliance with the requirements of state law; (2) the St. Helena Parish Police Jury's review and approval of an application for a renewal of a current alcoholic beverage permit is not merely automatic; rather, the police jury is required by ordinance to review a renewal application as it would an original application to ensure the applicant continues to possess the qualifications required by state law and local ordinance; (3) a stockholder of a corporate applicant seeking alcoholic beverage permits from the state and parish is exempt from the residency requirement imposed upon permit applicants; however, amanager of an applicant's business must possess the same citizenship and residency requirements imposed upon a corporate applicant, and the failure of the manager to possess these qualifications subjects the permit application to denial by state and local authorities.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ KERRY L KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 14:104 states "keeping a disorderly place is the intentional maintaining of a place to be used habitually for any illegal purpose." A person convicted of La.R.S. 14:104 "shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both."
[2] La.R.S. 14:105 states "letting a disorderly place is the granting of the right to use any premises knowing that they are to be used as a disorderly place, or allowing the continued use of the premises with such knowledge." A person convicted of La.R.S. 14:105 "shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both."
[3] Item No. 2 on the written Agenda for the June 22, 2010 meeting of the St. Helena Parish Police Jury reflects "Sheriff's Report on Club 38 advises that owners are in violation of State and Parish Ordinances regarding alcoholic beverage licenses, applicants must be a resident of Louisiana continuously for not less than two years at the time of their application. Jurors are provided with a copy of the Sheriffs report on yellow paper."
[4] Under La.R.S. 42:7.1 (A)(3) of the Louisiana Open Meetings Law, all public bodies are required to keep written minutes of all of their open meetings, which minutes "shall include but need not be limited to . . . the substance of all matters decided." The minutes of the June 22, 2010 meeting of the St. Helena Parish Police Jury contain no reference to any discussion regarding Club 38, we are informed for the reason that the police jury took no action regarding Club 38, in reliance upon La.R.S. 42:7.1 (A)(3), requiring the minutes of the meeting to reflect all mattersdecided by the police jury. We point out here that the entire discussion could have been included in the minutes, for later reference, as La.R.S. 42:7.1 (A)(4) permits the minutes to include "any other information that the public body requests be included or reflected in the minutes."
[5] Chapter One of Title 26, La.R.S. 26:1, et seq., regulates businesses dealing in beverages of high alcoholic content, or liquor, while Chapter Two of Title 26, La.R.S. 26:241, et seq., regulates businesses dealing in beverages of low alcoholic content, or beer. An applicant must have the statutory qualifications, and must further comply with the procedural requirements of these statutes, in order to be licensed by the state to sell alcoholic beverages under permits issued by the Commissioner.
[6] La.R.S. 26:74(A) and La.R.S. 26:274(A) authorize parishes and municipalities to provide by ordinance for the issuance of local permits similar to those issued by the Commissioner. Here, the St. Helena Parish Police Jury has enacted Chapter 14 of the Code of Ordinances of St. Helena Parish, which regulates the sale of alcoholic beverages within the parish, and provides for the issuance of alcoholic beverage permits by the parish. See Subchapter B of Chapter 14, governing high alcohol content licenses, and Subchapter C of Chapter 14, governing low alcohol content licenses.
[7] La.R.S. 26:75 pertains to high alcoholic content permits, while La.R.S. 26:275 pertains to low alcoholic content permits. Both statutes provide "no person shall do any act for which a permit is required. . .unless he holds the proper state and local permit."
[8] A violation of La.R.S. 26:75 is punishable under La.R.S. 26:171, while a violation of La.R.S. 26:275 is punishable under La.R.S. 26:521. Both La.R.S. 26:171 and La.R.S. 26:521 subject the offender to a mandatory fine of "not less than one hundred dollars nor more than five hundred dollars" or imprisonment "for not less than thirty days nor more than six months, or both."
[9] See La.R.S. 26:90; La.R.S. 26:91; La.R.S. 26:286; and La.R.S. 26:287.
[10] La.R.S. 26:90(A)(1)(a); La.R.S. 26:286(A)(1)(a).
[11] La.R.S. 26:90(11).
[12] La.R.S. 26:286(11).
[13] La.R.S. 26:90(13); La.R.S. 26:286(13).
[14] La.R.S. 33:4786 is entitled "hearing; requirement of majority vote for suspension or revocation" and provides "before any permit is suspended or revoked the holder thereof shall be entitled to a hearing as hereinafter provided, and no permit shall be revoked unless such a hearing has been held and a majority of the governing body of the municipality or parish, or a municipal alcoholic beverage control board thereafter votes for such suspension or revocation."
[15] La.R.S. 33:4787 provides, in part: "a notice shall be served upon the holder of the permit stating the time and place of the hearing to be held by the governing body of the municipality or parish, or a municipal alcoholic beverage control board which shall be not less than ten calendar days from the date such notice is given. The notice shall enumerate the cause or causes for suspending or revoking the permit, and shall be sent by registered mail to the holder of the permit at the address of his place of business as given in his application for the permit, or may be served on him in person by an officer or employee of the municipality or parish. . ."
[16] See La.R.S. 33:4788.
[17] In Chapter 14 of the Code of Ordinances, the St. Helena Parish Police Jury has adopted provisions similar to La.R.S. 33:4785, et seq., authorizing the police jury to suspend or revoke alcoholic beverage permits issued to an establishment for cause (Subchapter D of Chapter 14, Section 14-108), after a hearing before the police jury on the issue, where a majority of the St. Helena Parish Police Jury votes for such suspension or revocation (Subchapter D of Chapter 14, Section 14-109). The Code of Ordinances also grants the holder of a parish alcoholic beverage permit the right to appeal a suspension or revocation of that permit by the police jury (Subchapter D of Chapter 14, Section 14-111).
[18] Section 14-42 governs high alcohol content licenses, while Section 14-79 governs low alcohol content licenses; both sections contain the same language, as follows:
Procedure for determining to issue or withhold permits.
The right to determine what persons shall or shall not be licensed under this article shall be exercised in the following manner:
1. The police jury shall, independently of the state board of alcoholic beverage control, investigate all applications filed with it for local permits, and shall withhold the issuance of a permit where that action is justified under the provisions of this article. 2. The decision to withhold a local permit shall be made within 35 calendar days of the filing of the application. Within that period, the withholding authority shall notify the state office of alcoholic beverage control in writing that it is withholding the permit and give the reason therefor. 3. Upon receipt of this notice, supported by reasons enumerated in or authorized by this article, the state board shall withhold issuance of the applicant's state permit. 4. Within five calendar days after the receipt of the notice from the local authorities, the state board shall notify the applicant in writing of the action and shall assign the reasons therefor. 5. Such notice shall be either delivered to the applicant in person or sent to him by registered mail at the business address given in his last application. When so addressed and mailed, it shall be conclusively presumed to have been received by the applicant.
[19] See Section 14-37 of the Code of Ordinances, governing the qualifications of applicants for high alcoholic content licenses, and Section 14-74 of the Code of Ordinances, governing the qualifications of applicants for low alcoholic content licenses.
[20] La.R.S. 26:80 provides for the qualifications of applicants for high alcoholic content beverage permits.
[21] La.R.S. 26:280 provides for the qualifications of applicants for low alcoholic content beverage permits.
[22] Both Sections 14-37(A)(2) and 14-74(A)(2) conform with the requirements of state law, as both sections require an applicant for parish alcoholic beverage permits to be "a citizen of the United States and of this state and a resident of this state continuously for a period of not less than two years next preceding the date of the filing of the application." However, Sections 14-37(C) and 14-74(C) go on to impose residency requirements upon the stockholders of a corporate applicant, in contravention to state law exempting such stockholders from such residency requirements, as these sections currently provide "if the applicant is a corporation, all officers and directors and all stockholders owning in the aggregate more than five percent of the stock. . .shall possess the qualifications required of an applicant."
[23] La.R.S. 26:80(D) and La.R.S. 26:280(D) both provide: "if the applicant's business is to be conducted wholly or partly by one or more managers, agents, servants, employees, or other representatives, those persons shall also possess the qualifications required of the applicant and shall furnish their social security numbers and their correct home addresses. . ." La.R.S. 26:80(E) and La.R.S. 26:280(E) both provide that if the manager "does not possess the required qualifications, the permit may be denied."
[24] See Sections 14-37(D) and (E) and 14-74(D) and (E) of the Code of Ordinances.